IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAREN HASMUKHBHAI PATEL,<br><br>  Plaintiff,<br><br>  v.<br><br>THOMAS MADRID, et al.,<br><br>  Defendants. | No. C 13-03747 EJD (PR)<br><br>ORDER OF SERVICE; DISMISSING DEFENDANT RANDY GROUNDS; DIRECTING DEFENDANT MADRID TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |

Plaintiff, a state prisoner at Salinas Valley State Prison, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983, against prison officials, and then subsequently an amended complaint. (Docket No. 6.) The Court dismissed the amended complaint with leave to amend on April 7, 2014, and provided Plaintiff twenty-eight days to respond. (Docket No. 9.) Plaintiff has filed notice that he wishes to have Defendant Randy Grounds dismissed from this action and proceed only with the claims against Defendant Thomas Madrid. (Docket No. 11.) Accordingly, all claims against Defendant Grounds shall be stricken from the complaint, and this action shall proceed only against Defendant Madrid.

///

///

Order of Service; Dismissing Def. Grounds
P:\PRO-SE\EJD\CR.13\03747Patel_svc.wpd

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that Officer Thomas Madrid used unnecessary force when he struck Plaintiff with a "40mm launcher" to the back of his head during an altercation between Plaintiff and another inmate on October 14, 2011, presumably while Plaintiff was at the Correctional Training Facility in Soledad.[1] (Am. Compl. at 3-B.) Plaintiff claims that Officer Madrid shot him "neglengantly and maliciously [*sic*]" because the fight had ceased by that time, and Plaintiff "was no threat to anybody." (Id.) Plaintiff received five staples to the back of his head for his injuries. (Id.)

In the Order of Dismissal with Leave to Amend, the Court dismissed the negligence claim against Officer Thomas because neither negligence nor gross negligence is actionable under § 1983 in the prison context. (See Docket No. 9 at 2-3,

---

[1] Plaintiff states that he originally filed a complaint in 2012 based on this incident. (See Docket No. 4.) The case was dismissed without prejudice for failure to exhaust administrative remedies. (See Case No. 12-00089 EJD (PR).) Plaintiff returns having completed exhaustion.

citing Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).)  However, liberally construed, Plaintiff's claim that Officer Thomas acted maliciously is cognizable under § 1983 as the use of excessive force in violation of Plaintiff's Eighth Amendment right against cruel and unusual punishment.  See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint, (Docket No. 6), all attachments thereto, and a copy of this order upon **Defendant Thomas Madrid** at the **Salinas Valley State Prison** (P.O. Box 1020, Soledad, CA 93960-1020)**.**  The Clerk shall also mail a copy of this Order to Plaintiff.

The Clerk shall terminate Defendant Randy Grounds from this action in accordance with Plaintiff's wishes.

2. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint.  Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause shown for his failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to

waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

3. No later than **ninety (90) days** from the date of this order, Defendant shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **twenty-eight (28) days** from the date Defendant's motion is filed.

   Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendant <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED: 4/22/2014

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAREN HASMUKHBHAI PATEL,<br><br>    Plaintiff,<br><br>  v.<br><br>THOMAS MADRID, et al.,<br><br>    Defendants.<br>_____/ | Case Number: CV13-03747 EJD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  4/22/2014 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Paren Hasmukhbhai Patel P-99858
Salinas Valley State Prison
P. O. Box 1050
Soledad, CA 93960


Dated:   4/22/2014

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk